On February 21, 1992, Detective Frederick J. Tedesco of the Connecticut State Police Department and Detective Kevin Mellon of the Bristol Police Department applied successfully to the Honorable David M. Barry, a judge of this Court, for the issuance of a warrant to search the person, the Bristol apartment and the 1985 Ford automobile of the defendant, Daniel Callahan, for narcotic drugs and certain other materials alleged to have been possessed by him for the packaging, sale and/or personal use of narcotics. In support of their application, the detectives filed a sworn affidavit which was based in material part on information derived from a court-ordered wiretap.
In issuing the warrant, Judge Barry, by order, dispensed with the statutory requirement that "[w]ithin forty-eight hours of [the] search [therein authorized], . . . a copy of all affidavits upon which the warrant is based shall be given to [the] owner [or] . . . occupant [of the searched vehicle or premises] or [to the] person [named therein]." The basis for this order was a second sworn affidavit in which the detectives, reciting only the general language of Section 54-33c(a), simply averred that the giving of [the supporting] affidavit at such time would require disclosure of information or material prohibited from being disclosed by chapter 959a."
On the same day the warrant was issued it was executed by members of the Statewide Narcotics Task Force, who pursuant thereto searched the defendant, his 46 Upson Street apartment in Bristol, and his 1985 Ford automobile bearing Ct. Reg. #66555, and seized both the automobile itself and certain small quantities of white powder, green plant-like material and seed residue which they believed, respectively, to be cocaine and marijuana. On the basis of these seizures, the defendant was arrested and charged with one count each of possession of controlled substances, under General Statutes 21a-279 (c), and possession of narcotics, under General Statutes 21a-279 (a).
When he was arraigned on the foregoing charges, the defendant applied for the services of the public defender. Upon the granting of his application, present counsel was promptly appointed to represent him. On the day of his appointment, counsel requested a copy of the sealed affidavit, which had been separately filed in a secure location by the Clerk of this Court. The State responded to counsel's request for production with an oral request of its own: that the sealed affidavit not be disclosed to the defendant or his lawyer for an additional period of thirty days, until April 5, 1992, and that it be sealed from public view for an indefinite period, until further order of the Court. In support of this request, which was formally filed in writing on March 3, 1992, the State was permitted, over vigorous defense objection, to file a sealed affidavit from Assistant State's Attorney Paul Murray specifying the grounds upon which the relief in question was requested. The defendant, through his counsel, explained that he needed to gain immediate access to the sealed affidavit both to plan and prepare his client's legal and factual defenses and to prepare and present a proper motion for return of seized property, to wit: the defendant's family car.
Section 54-33c establishes two distinct procedures for the sealing of search warrant affidavits. The first, which applies generally to any owner or occupant of searched premises or any person named in a search warrant, permits the non-disclosure of any such affidavit for up to two weeks after the warrant is executed upon the filing of a detailed affidavit that adequately supports a finding that non-disclosure is appropriate for any of the reasons set forth in subsection (a)(1)-(3) of the statute. Since this affidavit is submitted as part of the original warrant application, its consideration by the issuing magistrate is necessarily conducted in camera and ex parte.
Though the maximum duration for which any non-disclosure order may be entered by the issuing magistrate is two weeks after the execution of the warrant, subsection (b) of the statute further provides that the order may be extended as to any owner or occupier of seized property for an additional period of time upon the filing of a further application for that purpose. Though the pertinent subsection does not explicitly prescribe either the procedure by which such an extension order must be sought or the maximum duration for which it may be granted, the statute's silence on these subjects strongly suggests that any extension of an existing non-disclosure order must be subject to the very same substantive and procedural considerations and limitations as govern the original entering of such orders. By that logic, the only reasons for which non-disclosure may be ordered are those explicitly listed in subsection (a) of the statute. Those reasons must be brought to the magistrate's attention in the form of a detailed affidavit which demonstrates, to the magistrate's satisfaction, both that such reasons are well-founded in fact and that their existence justified the relief requested. And finally, if the magistrate concludes, based on his ex parte, in camera review of the affidavit, that the requested relief is justified, he may order further non-disclosure only for that limited additional time period that is reasonably necessary to accomplish the legitimate objectives of non-disclosure, as balanced against the legitimate need of the person who is the subject of the order to gain access to the non-disclosed materials to vindicate his personal rights.
Notwithstanding these provisions, subsection (a) of Section54-33c was amended in 1989 to provide as follows:
 No such [non-disclosure] order shall limit the disclosure of such affidavits to the attorney for a person arrested in connection with or subsequent to the execution of a search warrant unless, upon motion of the prosecuting authority within two weeks of such person's arraignment, the court finds that the State's interest in continuing non-disclosure substantially out-weighs the defendant's right to disclosure.
This language establishes a second, entirely separate procedure for the sealing of a search warrant affidavit which explicitly takes account of the substantially greater and more immediate needs for access to search warrant affidavits of person who, by reason of the filing of such affidavits, have not only become the targets of government searches but the subjects of criminal prosecutions. Such person routinely have pressing, personal needs for access to search warrant affidavits both to prepare their factual defenses and to draft appropriate legal challenges to the searches and seizures which resulted in their arrest.
Unlike the standard procedures governing the original application for and any subsequent application to extend a non-disclosure order as to any non-defendant owner or occupier of searched premises or other person named in the search warrant, the procedures for seeking non-disclosure as to criminal defendants and their attorneys requires the filing of a motion. Motions, unlike ex parte applications for the issuance of warrants and other requests for ancillary relief, must typically be filed in writing and must always be duly served upon one's opponent in order that [s]he may respond thereto and be heard thereon. By providing that non-disclosure as to a defendant and his attorney must be accomplished, if at all, by a motion, it was plainly the intent of our legislature that once any owner, occupier or other person becomes a defendant in a criminal case arising out of the execution of a search warrant, he have a fair opportunity to be heard in opposition to any request to deny him access to the affidavit on which that warrant was based.
The Court does not read the defendant's right to contest the State's motion as an unlimited one. For though he must clearly and appropriately be heard as to any reasons which require disclosure, he cannot reasonably expect the State to apprise him of the detailed reasons why non-disclosure is appropriate, since if that were required the State would lose its ability to seek non-disclosure without making the very disclosures it seeks to postpone. As such a reading of the statute would utterly defeat its purpose, this Court cannot indulge it notwithstanding the defendant's objections.
In considering the instant motion, this Court has read and reread both the original search warrant affidavit herein sought to be sealed and two other sealed affidavits which the State has been permitted to file without disclosure to the defense. It has also heard orally from both the State and the defense as to the reasons why, in their respective judgments, this Motion should be granted or denied. Without detailing the contents of any of the above-described documents on the record, the Court concludes that the State has failed to meet its burden of proof that its interest in non-disclosure of this warrant, at this time, to this defendant and his attorney for their private use in preparing his factual and legal defenses to these charges substantially outweighs the defendant's legitimate need for disclosure. The court therefore orders that counsel for the defendant be permitted to view the sealed affidavit as often as necessary to prepare his defense herein, that he be permitted to discuss the contents of that affidavit with his client to the extent reasonably necessary to prepare his legal and factual defenses herein, and that he be permitted to reference and describe the contents of the affidavit in any pleading, motion or memorandum of law he finds it appropriate to file with this Court. It is further ordered, however, that neither defense counsel nor the defendant divulge the contents of the sealed affidavit to any other person for any purpose whatsoever until further order of the Court, that any pleading, motion or memorandum of law describing the contents of the affidavit in question be filed under seal to prevent its disclosure to others, and that both defense counsel and the defendant sign a written acknowledgment of these express limitations upon their right of access before any disclosure is made. Finally, it is ordered that except as to defense counsel and the defendant, the affidavit here in question remain sealed until further order of the Court.
SHELDON, JUDGE.